UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELVIN ANDERSON,

    Plaintiff,

v.                                                           CASE NO. 5:10-cv-431-Oc-27PRL

UNITED STATES OF AMERICA, et al.,

    Defendants.

_____

## **ORDER**

This *pro se* prisoner civil rights action is before the Court *sua sponte* to reconsider the order granting leave to proceed *in forma pauperis*. See Doc. No. 7. Because Plaintiff had more than three civil cases or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted prior to filing this case, it is subject to dismissal under 28 U.S.C. § 1915(g). The order granting leave to proceed *in forma pauperis* is therefore **VACATED**, and this case is **DISMISSED**.

On May 20, 2014, Plaintiff was ordered to show cause why this case should not be dismissed because he had three prior federal civil rights actions or appeals dismissed as frivolous or for failure to state a claim prior to filing this case. Plaintiff was further directed to show cause why the case should not be dismissed because he failed to list all of his prior federal civil cases in his second amended complaint, despite signing the second amended complaint under penalty of perjury. (Doc. No. 95.)

In response to the Order, Plaintiff maintains that he should be allowed to proceed *in forma pauperis*, despite the fact that he has had more than three prior federal civil rights actions or appeals dismissed as frivolous or for failure to state a claim, because some of those cases were dismissed

prior to enactment of the Prison Litigation Reform Act ("PLRA") (Doc. No. 96 at 2-3.) Plaintiff is mistaken. The three strikes rule in 28 U.S.C. § 1915(g) applies to pre-PLRA cases. *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Under the PLRA, "prisoners are permitted to file only three meritless suits in the in forma pauperis status." *Dollar v. Coweta County Sheriff Office*, 510 F. App'x 897, 899 (11th Cir. 2013) (citing 28 U.S.C. § 1915(g)). Specifically, the "three strikes" provision in 28 U.S.C. 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As explained by the Eleventh Circuit, "[t]he purpose of the PLRA is to curtail abusive prisoner litigation. . . . '*After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit.*'" *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis added) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012) (affirming district court's *sua sponte* dismissal of case under 28 U.S.C. § 1915(g) and noting "[t]he district court must search the record of the plaintiff's federal cases to determine if they were dismissed for the relevant reasons."); *Sutton v. District Attorney's Office, of Gwinnett Superior Court, Georgia*, 334 Fed.Appx. 278, 278 (11th Cir. 2009) (affirming *sua sponte* dismissal under § 1915(g); *Wright v. Polk County*, No. 13-13772, 2014 WL 715774, at *1-2 (11th Cir. Feb. 26, 2014).

A review of Plaintiff's federal cases filed prior to the filing of this case establishes that he has had at least ten cases or appeals dismissed as frivolous or for failure to state a claim. *See, e.g., Anderson v. Lappin*, No. 06-12278-I (11th Cir. Aug. 24, 2006) (order dismissing appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i));[1] *Anderson v. Burgos,* No. 02-14860-C (11th Cir. Jan. 7, 2003) (order dismissing appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i));[2] *Anderson v. Nottingham*, No. 1:96-cv-262-DBS (D. Colo. Mar. 7, 1996), Dkt. # 5 (noting that complaint is dismissed as legally frivolous); *Anderson v. Elliot*, No. 3:93-cv-3183-RDR (D. Kan. May 10, 1993), Dkt. # 7 (dismissing complaint pursuant to *Neitzke v. Williams*, 490 U.S. 319 (1989) because "the defense to plaintiff's claims are complete and obvious from the pleading"); *Anderson v. Wilson*, No. 5:91-cv-62-BR (E.D.N.C. Feb. 14, 1991), Dkt. # 4 (noting that action is dismissed as frivolous); *see also Anderson v. Cortez,* No. 1:97-cv-3005-MHS (N.D. Ga. Apr. 28, 1998), Dkt. # 7 (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)); *Anderson v. Boswell,* 3:95-cv-644-MHT-CSC (M.D. Ala. July 7, 1995), Dkt. # 11 (noting that the case is dismissed without prejudice prior to service pursuant to 28 U.S.C. § 1915(d)); *Anderson v. Clark,* No. 3:95-cv-3195-RDR (D. Kan. May 8, 1995), Dkt. # 4 (dismissing case under 28 U.S.C. § 1915(d) because it was clear from the face of the complaint that plaintiff's claims were time barred); *Anderson v. Miles,* No. 4:95-cv-62-HL (M.D. Ga. Aug. 17, 1995), Dkt. # 5 (dismissing civil rights complaint prior to service); *Anderson v. Elliot*, No. 4:94-cv-57-DF (M.D. Ga. June 20, 1994), Dkt. # 3 (dismissing complaint against a judge prior to

---

[1] The district court case number is 2:04-cv-139-AAA-JEG (S.D. Ga. 2004), and the Eleventh Circuit's order can be found at docket entry 169 in that case.

[2] The district court case number is 2:01-cv-48-AAA-JEG (S.D. Ga. 2001), and the Eleventh Circuit's order can be found at docket entry 135 in that case.

service).³

The Civil Rights Complaint Form on which Plaintiff filed his Second Amended Complaint expressly warned that "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Dkt. 18, p. 5, ¶ IV). Notwithstanding, the only cases or appeals Plaintiff ostensibly listed in section IV(D), which required him to list any prior federal actions "dismissed as frivolous, malicious, failing to state a claim, or prior to service," were *Anderson v. Lappin*, No. 06-12278-I (11th Cir. Aug. 24, 2006) and *Anderson v. Nottingham*, No. 1:96-cv-262-DBS (D. Colo. Mar. 7, 1996).⁴ *See* Dkt. # 18 at 7-8.⁵

As detailed *supra,* prior to filing this case, Plaintiff had more than three federal civil actions or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted. And the allegations in the Second Amended Complaint do not support the imminent danger of serious physical injury exception to the three strikes provision in § 1915(g). Accordingly, Plaintiff was mistakenly allowed to proceed *in forma pauperis*. His failure to list his prior federal cases or

---

³ The relevant docket sheets may be relied on "if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010). Indeed, all of the listed cases include Plaintiff's prisoner number on the respective dockets, with the exception of *Anderson v. Nottingham*, No. 1:96-cv-262-DBS (D. Colo. Mar. 7, 1996). However, Plaintiff referenced a case he filed in the U.S.D.C. of Colorado in his second amended complaint. See Dkt. # 18 at 8. And the address listed for Plaintiff in that case is the Federal Correctional Institution in Jesup, Georgia. Finally, this case was cited in the show cause order, and Plaintiff did not contend that it was not his in his response to the show cause order. "Plaintiffs are bound by the judgments in their prior cases, and may not dispute their merits in order to challenge a 'three-strikes' determination." *Casey v. Scott*, 493 F. App'x at 1001.

⁴ Section IV(C) of the Second Amended Complaint required Plaintiff to list his prior federal cases related to the conditions of his confinement or the fact or manner of his incarceration. Plaintiff listed *Anderson v. Burgos*, No. 2:01-cv-48 (S.D. Ga. 2001). *See* Dkt. # 18 at 6. However, Plaintiff failed to list that case or the related appeal in section IV(D). *See id.* at 6-7. It has been subsequently discovered that although that case was decided on the merits in the district court, the Eleventh Circuit Court of Appeals dismissed the appeal as frivolous. *See Anderson v. Burgos,* No. 02-14860-C as noted *supra* on page 3. *See Anderson v. Burgos,* No. 2:01-cv-48, Dkt. # 135.

⁵Plaintiff purported to list four other cases, but without cases numbers. In any event, he failed to list all of his cases which had been dismissed as frivolous of for failure to state a claim, and clearly had at least three such cases dismissed before he filed this action, triggering the three strikes provision in § 1915(g).

appeals which were dismissed as frivolous or for failure to state a claim contributed to the delay in determining that this case is subject to the three strikes provision of § 1915(g).[6] And to date, Plaintiff has not paid the filing fee.[7] Accordingly,

1. The Order granting Plaintiff leave to proceed *in forma pauperis* (Doc. No. 7) is **VACATED**. Plaintiff is not entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

2. This case is **DISMISSED** without prejudice.

3. All pending motions are denied as moot. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** this 12th day of June, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Melvin Anderson, Counsel of Record

---

[6] Plaintiff contends that he did not act in bad faith in failing to list his prior cases and provided sufficient case information in the second amended complaint for the Court or parties to discover his prior cases. *Id.* at 1-3. Of note, Plaintiff's original complaint was not filed on the prescribed Civil Rights Complaint Form. (Dkt. # 1.) After being ordered to file an amended complaint on the prescribed form, *see* Doc. No. 10, he objected, arguing that it was unnecessary to use the form because the complaint "withstood the frivolity test and plaintiff was granted leave to proceed in forma pauperis. . . ." (Dkt. # 12 at 3.) Before Plaintiff's objection was overruled, he filed an amended complaint, again without using the prescribed form. (Dkt. # 14.). When he finally filed the second amended complaint, he failed to list all of his prior federal cases, and more importantly, failed to list his prior federal actions that were "dismissed as frivolous, malicious, failing to state a claim, or prior to service" in the pertinent section of the form. *See* Dkt. # 18 at 6-7. All of this demonstrates that he purposely evaded compliance with a court order with knowledge that he had three strikes.

[7] On January 10, 2011, Plaintiff made an initial payment of $21.20 toward the filing fee. *See* Dkt. # 8. No further payments have been received.

5